D. Maimon Kirschenbaum
Josef Nussbaum
JOSEPH & KIRSCHENBAUM LLP
32 Broadway, Suite 601
New York, NY 10004
(212) 688-5640
(212) 981-9587 (fax)

*Attorneys for Named Plaintiffs, proposed FLSA Collective Plaintiffs, and proposed Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **DAVID DOMINGUEZ and JAVIER PATRICIO MOLINA, on behalf of themselves and others similarly situated,** | **CASE NO. 1:25-CV-4331** |
| **Plaintiffs,** | **<u>COMPLAINT</u>** |
| **v.** | **FLSA COLLECTIVE ACTION AND RULE 23 CLASS ACTION** |
| **AMBER RESTAURANT LLC, HENRYK SKRODZKI, LUKASZ SKRODZKI, and ANDRZEJ DYNISCKIEWICZ,** | **DEMAND FOR JURY TRIAL** |
| **Defendants.** | |

Plaintiffs, on behalf of themselves and all others similarly situated, allege as follows:

## JURISDICTION AND VENUE

1. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state law claims, as they are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2. Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

3. Defendant Amber Restaurant LLC d/b/a Amber Steakhouse ("Amber") is a New York limited liability company that owns and operates a restaurant called Amber Steakhouse in Brooklyn.

4. Upon information and belief, at all relevant times Amber's annual gross volume of sales has exceeded $500,000.

5. Amber has employees engaged in interstate commerce and handling, selling, or otherwise working on goods and materials that have been moved in or produced for interstate commerce.

6. Upon information and belief, Defendants Henryk Skrodzki ("H. Skrodzki") and Lukasz Skrodzki ("L. Skrodzki") are co-owners of Amber.

7. Defendants and H. Skrodzki and L. Skrodzki actively manage Amber and are frequently present at the restaurant overseeing its general affairs. While at the restaurant they regularly meets with the management employees to discuss day-to-day management issues.

8. Upon information and belief, as owners, Defendants H. Skrodzki and L. Skrodzki have the power to hire and fire employees and determines their rates and methods of pay.

9. For example, upon information and belief, Defendants H. Skrodzki and L. Skrodzki hired Amber's general manager, Defendant Andrzej Dynisckiewicz, who is responsible for the hands-on operations and management of the restaurant.

10. Defendant Dynisckiewicz hires and fires employees, schedules employees, and determines their rates and methods of pay.

11. For example, Mr. Dynisckiewicz hired and fired Plaintiffs Dominguez and Molina and set their schedules.

12. Plaintiff David Dominguez resides in New York. He worked for Defendants as a busser/runner at Amber from approximately October 2023 until May 2025.

13. Plaintiff Javier Patricio Molina resides in New York. He worked for Defendants as a busser/runner at Amber from approximately January 2025 until June 2025.

## FLSA COLLECTIVE ACTION ALLEGATIONS

14. Plaintiffs brings the First and Second Claims for Relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all servers, bartenders, barbacks, runners, and bussers employed by Defendants at Amber on or after the date that is three years before the filing of the Original Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

15. At all relevant times, Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules of willfully retaining their tips and failing to pay the minimum wage for all hours worked. The claims of Plaintiffs stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

16. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action,

their names and contact information are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail, email, and text message to the last address, email address, and phone number known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

17. Plaintiffs bring the Third, Fourth, Fifth, and Sixth Claims for Relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all servers, bartenders, barbacks, runners, and bussers employed by Defendants on or after the date that is six years before the filing of the Original Complaint in this case as defined herein (the "Class Period").

18. All said persons, including Plaintiffs, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said F.R.C.P. 23.

19. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendant, upon information and belief, there are more than fifty (50) members of the Class.

20. Plaintiffs' claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage and spread of hours

compensation, illegal retention of tips, and failure to provide required wage notices/statements. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

21. Plaintiffs are able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

22. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate Defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or

varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

23. Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

24. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a) Whether Defendants employed Plaintiffs and the Class members within the meaning of the New York law.

b) At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay Plaintiffs and the Class members for their work.

d) Whether Defendants paid Plaintiffs and the Class members the minimum wage for all hours worked.

e) Whether Defendants paid Plaintiffs and the Class members New York's spread of hours premium for workdays that spanned more than 10 hours.

f) Whether Defendants provided Plaintiffs and Class members with proper wage

notices and wage statements.

g) Whether Defendants retained and or misappropriated Plaintiffs' and the Class Members' tips.

## FACTS

25. Plaintiffs' Consent to Sue forms are attached as Exhibit A.

26. Defendants committed the following alleged acts knowingly, intentionally and willfully.

27. Defendants paid Plaintiffs a flat rate, (a/k/a "shift pay,") for each shift they worked at Amber.

28. Specifically, Defendants paid Plaintiffs $50 per shift worked.

29. The amount Plaintiffs were paid did not fluctuate or change based on the number of hours they actually worked.

30. Plaintiff Molina typically worked Friday, Saturday and Sunday from 1:00 p.m. or 3:00 p.m. until approximately 12:30 a.m. Defendants paid him $150 for those three days of work, which results in, at most, $5.26 per hour.

31. Plaintiff Dominguez typically worked from 5:00 pm until midnight on Mondays and Tuesdays and from approximately 3:00 p.m. until midnight on Friday, Saturday and Sunday. Defendants paid him $250 for those five days of work, which works out to $6.09 per hours.

32. Thus, the shift pay Plaintiffs received was less than both the federal minimum wage of $7.25 per hour and the New York minimum wage of $16 per hour in 2024 and $16.50 per hour in 2025.

33. Moreover, even though Plaintiff Molina sometimes worked from 1:00 p.m. to 12:30 a.m., Defendants never paid him a "spread of hours" premium when his shifts lasted longer than 10 hours.

34. There were also occasions that Plaintiff Dominguez's workdays spanned more than 10 hours. Defendants never paid him a "spread of hours" premium on these occasions.

35. To the extent Defendants believe they were entitled to apply a tip credit to Plaintiffs' wages that was also not available to them because they never provided employees with notice that they were taking a tip credit, as required under the FLSA and New York law.

36. Plaintiffs were also required to participate in a tip pool each night that included the restaurant's general manager, Defendant Dynisckiewicz, which both independently violated the FLSA and NYLL and barred Defendants from taking a tip credit under the FLSA.

37. Although Defendants provided Mr. Dynisckiewicz with a waiters' cut of the tip pool, he was in fact a manager.

38. To be sure, Mr. Dynisckiewicz had authority to hire, fire and discipline employees. He also scheduled employees and instructed them with respect to their daily tasks.

39. In fact, Mr. Dynisckiewicz both hired and fired Plaintiffs Molina and Dominguez.

40. Defendants never gave Plaintiffs any written wage notice. Because Defendants did not provide Plaintiffs with a written wage notice, Plaintiffs were not aware that Defendants were not paying them properly for all the hours they worker. In other words, Defendants' violation of the New York Labor Law's wage notice requirement resulted in Plaintiff being paid less than he was entitled to.

41. Defendants also did not give Plaintiffs wage statements/paystubs with their wages, much less wage statements that stated the number of hours that Plaintiffs worked.

42. As a result, Plaintiffs' ability to advocate for themselves and show that they were not paid the correct amount for all of the time that they worked is harmed by Defendants' failure to provide accurate wage statements.

43. Defendants knew that nonpayment of minimum wage and spread of hours compensation improperly forcing Plaintiffs, the FLSA Collective Plaintiffs, and the Class Members to share their tips with management would economically injure Plaintiffs, the FLSA Collective Plaintiffs, and the Class Members and violated federal and state laws.

44. When Mr. Molina was first hired to work at Amber in early 2025, he requested to be paid on the books and that the restaurant take all appropriate withholdings from his paycheck.

45. These requests were all rebuffed by Defendant Dynisckiewicz.

46. In May 2025, Plaintiff Molina again complained to Mr. Dynisckiewicz about not being paid on the books at Amber as well the fact that restaurant was paying him shift pay.

47. Shortly after Plaintiff Molina complained to Mr. Dynisckiewicz about these practices in May 2025, Defendants retaliated against Mr. Molina by removing him from the restaurant's schedule completely.

48. In other words, Defendants terminated Plaintiff Molina's because he complained about personnel and pay practices at Amber.

## FIRST CLAIM FOR RELIEF
**(FLSA Illegal Deductions from Gratuities, 29 U.S.C. § 201, *et seq.*)**
**(Brought by Plaintiffs on Behalf of Themselves**
**and the FLSA Collective Plaintiffs)**

49. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

50. At all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203.

51. At all relevant times, Defendants have employed, "employee[s]," including Plaintiffs and each of the FLSA Collective Plaintiffs.

52. During the statute of limitations period covered by these claims, Defendants knowingly retained/misappropriated gratuities belonging to Plaintiffs and the FLSA Collective Plaintiffs.

53. Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, seeks damages in the amount of their respective unpaid gratuities, liquidated damages as provided by the FLSA, attorneys' fees and costs, post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

**SECOND CLAIM FOR RELIEF**
**(FLSA Minimum Wage Violations, 29 U.S.C. § 201, *et seq.*)**
**(Brought by Plaintiffs on Behalf of Themselves**
**and the FLSA Collective Plaintiffs)**

54. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

55. At all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203.

56. At all relevant times, Defendants have employed, "employee[s]," including Plaintiffs and each of the FLSA Collective Plaintiffs.

57. During the statute of limitations period covered by these claims, Defendants willfully failed to pay Plaintiffs and the FLSA Collective Plaintiffs the federal minimum wage for all hours worked.

58. Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, seeks damages in the amount of their respective unpaid minimum wage compensation, liquidated damages as provided by the FLSA, attorneys' fees and costs, post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

**THIRD CLAIM FOR RELIEF**
**(New York State Minimum Wage Violations, N.Y. Lab. L. §§ 650 *et seq.*)**
**(Brought by Plaintiffs on Behalf of Themselves and the Class)**

59. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

60. Defendants knowingly paid Plaintiffs and the Class members less than the New York State minimum wage for all hours worked.

61. As a result of Defendants' unlawful conduct, Plaintiffs and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees.

**FOURTH CLAIM FOR RELIEF**
**(Illegal Deductions from Gratuities, N.Y. Lab. L. § 196-d)**
**(Brought By Plaintiffs on Behalf of Themselves and the Class)**

62. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

63. Defendants retained/misappropriated portions of Plaintiffs' and Class Members' tips.

64. As a result of Defendants' unlawful conduct, Plaintiffs and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees.

**FIFTH CLAIM FOR RELIEF**
**(New York Spread of Hours Violations, 12 NYCRR § 146-1.6)**
**(Brought by Plaintiffs on Behalf of Themselves and the Class)**

65. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

66. Defendants did not pay Plaintiffs and the Class Members' New York's spread of hours premium when their workdays spanned more than 10 hours.

67. As a result of Defendants' unlawful conduct, Plaintiffs and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees.

**SIXTH CLAIM FOR RELIEF**
**(New York Notice Requirements, N.Y. Lab. L. §§ 195, 198)**
**(Brought by Plaintiffs on Behalf of Themselves and the Class)**

68. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

69. Defendants did not provide Plaintiffs and the members of the Class with the notices/statements required by N.Y. Lab. Law § 195. For example, Defendants did not give Plaintiffs or members of the Class any notices regarding their pay rates or any and wage statements.

70. As a result of Defendants' unlawful conduct, Plaintiffs and members of the Class are entitled to an award of damages pursuant to N.Y. Lab. Law § 198, in amount to be determined at trial, post-judgment interest, and costs and attorneys' fees.

**SEVENTH CLAIM FOR RELEIF**
**(NYLL Retaliation, N.Y. Lab. L. §§ 215, 740)**
**(Brought by Plaintiff Molina on Behalf of Himself)**

71. Plaintiff Molina incorporates and realleges each preceding paragraph as though set forth in full herein.

72. Defendants willfully and unlawfully retaliated against Plaintiff Molina for his engagement in protected activities, namely his complaint regarding Defendants' personnel and pay practices.

73. In retaliating against Plaintiff Molina, Defendants knowingly acted in deliberate disregard of Plaintiff Molina's rights.

74. As a result of Defendants' unlawful conduct, Plaintiff Molina is entitled to damages in an amount to be determined at trial, including compensatory damages for monetary damages and emotional distress, liquidated damages, punitive damages, front pay, attorneys' fees, costs, pre- and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

## EIGHTH CLAIM FOR RELIEF
**(FLSA Retaliation – 29 U.S.C. § 215)**
**(Brought by Plaintiff Molina on Behalf of Himself)**

75. Plaintiff Molina realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

76. Defendants willfully and unlawfully retaliated against Plaintiff Molina for his engagement in protected activities, namely his complaint regarding Defendant Dynisckiewicz's illegal retention of employees' tips.

77. In retaliating against Plaintiff Molina, Defendants knowingly acted in deliberate disregard of Plaintiff's rights.

78. As a result of Defendants' unlawful conduct, Plaintiff Molina is entitled to damages in an amount to be determined at trial, including compensatory damages for monetary damages

and emotional distress, liquidated damages, punitive damages, front pay, attorneys' fees, costs, post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs and members of the Class, prays for relief as follows:

A. Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B. Designation of Plaintiffs as Representatives of the FLSA Collective Plaintiffs;

C. Designation of this action as a class action pursuant to F.R.C.P. 23.

D. Designation of Plaintiffs as Representatives of the Class.

E. An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

F. Penalties available under applicable laws;

G. Costs of action incurred herein, including expert fees;

H. Attorneys' fees, including fees pursuant to 29 U.S.C. §§ 215, 216, N.Y. Lab. L. §§ 198, 663, 740 and other applicable statutes;

I. Pre-judgment and post-judgment interest, as provided by law; and

J. Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated: New York, New York
August 4, 2025

Respectfully submitted,

JOSEPH & KIRSCHENBAUM LLP

By: *<u>/s/ D. Maimon Kirschenbaum</u>*
D. Maimon Kirschenbaum
Josef Nussbaum
32 Broadway, Suite 601
New York, NY 10004
Tel: (212) 688-5640
Fax: (212) 981-9587

*Attorneys for Named Plaintiff, proposed FLSA Collective Plaintiffs, and proposed Class*

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a jury trial on all causes of action and claims with respect to which they have a right to jury trial.